**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

Theodore R. Carter, III
Assistant United States Attorney

*Hale Boggs Federal Building*
*501 Magazine Street, Second Floor*
*New Orleans, LA  70130*

*Telephone # :(504) 680-3165*
*Fax # : (504) 589-6727*

June 25, 2008

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   JUN 2 5 2008

LORETTA G. WHYTE
CLERK

Honorable Carl J. Barbier
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana  70130

Re:   United States v. Joseph Kippers
      Criminal Docket No. 07-128 "J"

Dear Judge Barbier:

In compliance with the holding of Bryan v. United States, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Joseph Kippers, the defendant, in the above-captioned proceeding.  Defendant's undersigned Counsel, Arthur Lemann, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

The defendant has agreed to enter a plea of guilty to Count 5 of the twelve-count indictment.  Count 5 charges defendant with using a communications facility to commit or cause the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, all in violation of Title 21, United States Code, Section 843(b).  Defendant is also charged in Counts 1 and 2 of the indictment.  Count 1 charges defendant with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine hydrochloride in violation of Title 21, United States Code, Section 846.  Count 2 charges defendant with conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectible amount of methamphetamine in violation of Title 21, United States Code, Section 846.  Defendant is not named in any other counts of the indictment.

Should the Court accept the defendant's plea of guilty, the Government has agreed to move at sentencing to dismiss Counts 1 and 2 as to defendant.  Should the Court accept the defendant's plea of guilty, the Government has also agreed not to bring any other

____ Fee _____
____ Process _____
_X_ Dktd _____
____ CtRmDep _____
____ Doc. No. _____

criminal charges against the defendant in the Eastern District of Louisiana for any conduct relating to the offenses charged in the indictment, except for crimes of violence should any have occurred.

The defendant understands that the maximum penalty defendant may receive should his plea of guilty be accepted as to Count 5 is four (4) years in prison, and a fine of $250,000.00 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $100.00 for each count shall be imposed under the provisions of Section 3013 of Title 18, United States Code.  This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that in imposing a sentence of a term of imprisonment on Count 5, the Court shall include a requirement that the defendant be placed on a term of supervised release of up to one (1) year after imprisonment pursuant to Title 18, United States Code, Section 3583(b).  Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee.  Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742.  The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.  Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.

The defendant understands that he may have the right to request DNA testing of physical evidence in the government's possession and applicable to this case pursuant to Title 18, United States Code, Sections 3600 and 3600A.  Pursuant to this agreement, the defendant knowingly and voluntarily waives and relinquishes any such right and fully

understands that, as a result of this waiver, the defendant will not have another opportunity to have the physical evidence in this case submitted for DNA testing or to employ the results of DNA testing to support any claim of innocence regarding the offense(s) to which the defendant is pleading guilty.  In addition, the defendant also understands that the government may dispose of such evidence upon the defendant's entering a plea of guilty.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions.   The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities.  The defendant understands he must be completely truthful.  The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully.   The defendant understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements.  The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing.  The United States may, but shall not be required to make a motion requesting the Court to depart from the sentencing guidelines in the event the defendant provides "substantial assistance".  It shall be in the sole discretion of the United States Attorney as to whether a motion requesting departure from the sentencing guidelines should be filed.

The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant nor will anything derived from the statements or testimony be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and he faces additional criminal charges.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violations to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violations to

which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such assets. These assets include, but are not limited to, any assets charged in the Indictment or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Indictment or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY


THEODORE R. CARTER, III
Assistant United States Attorney


ARTHUR A. LEMANN, IV
Attorney for the Defendant

June 25 2008
Date


JOSEPH KIPPERS
Defendant

6/25/08
Date