UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 07-CR-373 |
| | * | |
| VERSUS | * | SECTION: "J" |
| | * | |
| JOSEPH KIPPERS | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

_____

## MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE
_____

Now into Court, through undersigned counsel, comes the defendant, Joseph Kipppers, who submits this memorandum for the Court's consideration prior to the sentencing date of October 1, 2008. Mr. Kippers urges that the Court grant him a downward departure from the sentencing guidelines and order that he serve his sentence through home incarceration rather than at a federal penal institution.

The PSI dated September 9, 2008 finds a total offense level of 12  and a criminal history category of I for the defendant. This results in a recommended sentencing range of 10 to 16 months.  However, the Government has indicated that it will file the appropriate motion to reduce the total offense level by one additional level. This lowers his total offense level to 11, which in turn results in a sentencing range of 8 to 14 months.[1] Additionally, since this range falls in Zone C under the guidelines, the Court is allowed to let Mr. Kippers serve at least one half of his term on home incarceration.[2] For reasons personal to Mr. Kippers, he requests that the Court depart downwardly from the sentence to order that he be allowed to serve his entire term of imprisonment under home incarceration.

---

[1]Counsel received the PSR on September 15, 2008. Defendant's objections to the PSR are therefore due on September 29, 2008, or two days before the sentencing date. This motion for a downward departure is filed in lieu of an objection to the PSR's finding that a downward departure is not warranted.

[2] U.S.S.G. sec. 5C1.1 (d) provides: "If the applicable guideline range is in Zone C of the Sentencing Table, the minimum term may be satisfied by --

(1) a sentence of imprisonment; or

(2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement* or home detention according to the schedule in subsection (e), provided that at least one-half of the minimum term is satisfied by imprisonment."

The Fifth Circuit has clearly enunciated that in the post- Booker sentencing regime, courts may impose a sentence outside the applicable Guideline range by either departing from the applicable range pursuant to a recognized exception or by imposing a sentence at variance with the applicable range. See <u>United States v. Mejia-Huerta</u>, 480 F.3d 713, 721 (5th Cir.2007) (recognizing that the courts have three sentencing options post- Booker, and holding that departures are different from variances), cert. denied, --- U.S. ----, 128 S.Ct. 2954, --- L.Ed.2d ---- (2007). Kippers submits that either a variance or a departure pursuant to USSG 5K2.13 and 5H1.1, 5H1.4 is warranted in his case.

Section 5K2.13 recognizes the grant of a downward departure for someone who was suffering from a "significantly reduced mental capacity" at the time he committed an offense. <u>U.S. v. Bass </u>, 49 F.3d 728 (5th Cir. 1995). A sentence below the applicable guideline range may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. "Significantly reduced mental capacity" means the defendant, although convicted, has a significantly impaired

ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful.

Mr. Kippers is sixty-four years old, and is old beyond his years. As reflected in the PSR, he has suffered from mental sickness for over thirty years. Prior to Katrina, he was cared for by his sister Darlene Poche, now his third-party custodian for purposes of bail. He reports hearing voices and takes medication for illness associated with schizophrenia, including Prozac, Thorazine and Risperdal. Mrs. Poche has also reported that he has been diagnosed in the past as bi-polar. Mr. Kippers currently receives mental health treatment from the Lurline Mental Health Center in Mandeville, Louisiana. The Fifth Circuit has clarified that, while a defendant's reduced mental capacity need not be the sole cause of the offense, it must be a contributing cause. See United States v. Soliman, 954 F.2d 1012, 1014 (5th Cir.1992). As reflected in the PSI, Mrs. Poche is of the belief that her brother returned to his pattern of substance abuse because he was unable to obtain his psycho tropic medications after Katrina, when he was forced to move to Mississippi.

In <u>U.S. v. Hartfield</u>, 2006 WL 839560 (S.D. Miss. 2006), the defendant received a three level downward departure under 5K2.13 because he was "slow" and suffered schizophrenia.  We submit that given his history of mental illness, home incarceration is an appropriate downward departure for Mr. Kippers.

A downward departure is further justified pursuant to USSG 5H1.1 and 5H1.4. 5H1.1 provides in pertinent part that "Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration. Physical condition, which may be related to age, is addressed at §5H1.4." §5H1.4 recognizes that "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guidelines range: <u>e.g.</u>, in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment."

The defendant is in bad physical shape. He suffers from Type II diabetes. As a result, he has very little feelings in his feet and has difficulty walking. He is blind in one eye. He suffers from hypertension. Mr. Kippers' sixty-four years have not treated him well and incarcerating him in a federal institution from four to fourteen

months will be unduly harsh for him. Ms. Poche has safely provided a home for Mr. Kippers prior to Katrina and has ensured that he meets all conditions of his bail, including sobriety, since his arrest.  She is equipped to attend to his physical and medical needs, so that home incarceration at her home would represent "a form of punishment ...equally efficient as and less costly than incarceration."

Considering all of the above, Mr. Kippers moves the Court for a downward departure based on the foregoing Sentencing Guidelines.  Alternatively, Mr. Kippers requests that the Court grant him a variance from the sentencing guidelines after considering the totality of his circumstances. Given his personal issues, home incarceration is an appropriate departure or variance.

Respectfully submitted:
Arthur A. Lemann III & Assoc., Inc.


S/ Arthur A. Lemann III _____
Arthur A. Lemann IV (#23189)
Arthur A. Lemann III (#8296)
1100 Poydras St., Ste. 1150
New Orleans, LA 70163
Phone: (504) 522-8104
Email: notguiltyz@aol.com

Attorneys for Defendant,
Joseph Kippers

_____

**CERTIFICATE**

_____

I hereby certify that on September 24, 2008, I electronically filed the

foregoing with  the Clerk of Court by using the CM/ECF system which will send a

notice of electronic filing to Theodore Carter,  Assistant United States Attorney.

S/ Arthur A. Lemann III