# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2012

Lyle W. Cayce
Clerk

No. 11-30414

D.C. Docket No. 2:07-CR-373-2

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    JUL 1 7 2012

LORETTA G. WHYTE
CLERK

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSEPH KIPPERS, also known as Uncle Joe Kippers,

Defendant - Appellant

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before SMITH, GARZA, and SOUTHWICK,  Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the sentence imposed by the District Court is affirmed.

ISSUED AS MANDATE:    JUL 1 3 2012

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
Deputy

New Orleans, Louisiana

JUL 1 3 2012

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

# FILED

June 21, 2012

No. 11–30414

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSEPH KIPPERS, also known as Uncle Joe Kippers,

Defendant - Appellant

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

Before SMITH, GARZA, and SOUTHWICK, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Defendant-Appellant Joseph Kippers ("Kippers") appeals the 48-month sentence the district court imposed upon revoking his probation. We AFFIRM.

## I

Kippers was one of several people named in a multi-count indictment centered on a conspiracy to sell illegal drugs. The indictment charged Kippers in Count 1 with conspiracy to possess 500 grams or more of cocaine hydrochloride with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(B) and 21 U.S.C. § 846; in Count 2 with conspiracy to possess methamphetamine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(C) and 21 U.S.C. § 846; and in Count 5 with using a

No. 11–30414

communication facility (a telephone) in committing conspiracy to possess cocaine hydrochloride with the intent to distribute it, in violation of 21 U.S.C. § 843(b). Kippers reached a plea agreement with the Government in 2008. Kippers pled guilty to Count 5, and in exchange, the Government dismissed him from Counts 1 and 2.

At sentencing, his guidelines range provided for ten to sixteen months in prison, one year of supervised release, and a $3,000 to $30,000 fine. Information in Kippers' presentence report ("PSR"), provided by Kippers and his sister, reflected a range of mental and physical conditions, including a mental health issue that was treated through psychotropic medications associated with thought disorders such as schizophrenia. The district court, expressly considering Kippers' mental and physical limitations, sentenced him below the guidelines range to three years of probation and imposed no fine, stating:

> I don't see anything to be served considering his serious physical disabilities, his mental disabilities, and so forth, that there would be any good purpose served by putting him in prison, none of which is to lessen the seriousness of what you did, Mr. Kippers, and I hope we don't see you around here again.

Two years later, the probation office successfully petitioned the district court to issue a warrant for Kippers based on a violent incident that resulted in his arrest. At his revocation hearing, Kippers admitted to violating his probation by pleading guilty to simple assault.[1] Kippers asked the court not to revoke his probation but instead to impose additional, modified conditions on his existing probation. In support, he stressed that he had already spent about five months in parish custody due to the incident underlying his state court conviction (despite receiving only a ten-day sentence) and that he had served the first two years of his probation without any problems. The Government

---

[1] The State elected not to prosecute a resisting arrest charge.

No. 11–30414

represented that Kippers' daughter, the victim of Kippers' assault, did not believe that imprisonment would do society or Kippers any good and that she had requested that the district court not revoke his probation but add an anger management condition.

The district court asked Kippers' daughter to explain the events underlying Kippers' probation violation. She testified that her father came over early in the morning while she and three of her five children were at home and entered the kitchen. She told the district court:

> He had a big gas can in one hand. He walked over to the counter in the kitchen where my knife block was sitting and grabbed a knife and turned around and said that I would give him his money or he would blow our house up with me and the kids in it.

Kippers' daughter called the police and was able to get her children out of the house safely. Kippers ignored the police's demands to exit the house and came out only as they were about to enter with guns. Even after leaving the house, he continued to hold the gas can and ignored police's demands to surrender. The police tackled him to the ground.

The district court asked if anything had provoked Kippers. Kippers' daughter explained that she was allocated money from the BP oil spill settlement and told her father she would give him some money after receiving her check. The day before Kippers threatened to burn down her house, his daughter had received her check and deposited it. Kippers demanded the entire sum, but she refused to give him anything because the check had not yet cleared. Kippers' daughter testified:

> He didn't even give me a chance to come to an agreement with him or offer him any of it before he basically demanded that I give him all of it, and then I

3

didn't even have it to give to him that day. And he
stormed off angry, and then next morning he arrived.

Before leaving the stand, Kippers' daughter added, "I just want to say that I love
my dad and that I think he has problems mentally that he needs to address, and
hopefully he'll get the help he needs so he can be a better person."

The district court told Kippers that he had clearly violated the conditions
of his probation and that his conduct was "very disturbing" and unjustifiable
even in light of his "obviously . . . serious mental health issues." The district
court added, "[B]ut for the fact that your daughter has said that she does not
want you put in jail, I would be detaining you and putting you in jail today." The
district court informed Kippers that it would instead give him a "break" and
would order a two-year extension to his previous three-year sentence of
probation. The district court advised it would also order him to continue anger
management and mental health counseling and explained that Kippers would
have no contact with his daughter without the court's approval.

The district court then attempted to admonish Kippers:

> THE COURT: Do you understand how serious this is?
> THE DEFENDANT: I understand how serious she
> made it look to you.
> THE COURT: How serious it is. If you come back here
> again with anything in any way similar to this where
> you are threatening anyone or causing other problems
> in violation of the terms of your probation, or if you
> don't follow through fully and completely with the
> anger management program and mental health
> program, then you are going to be back here, and I will
> send you to jail. Do you understand?
> THE DEFENDANT: Yes, sir.
> THE COURT: I won't hesitate.
> THE DEFENDANT: Uh-huh (affirmative response).
> THE COURT: It seems like you've got a chip on your
> shoulder right now, I have to tell you. That's my
> impression of you, okay?

4

No. 11–30414

> THE DEFENDANT: Yes, sir, I do. Because she's a liar.
> THE COURT: She's a liar. Your daughter is a liar.
> THE DEFENDANT: Yes, sir. I went there to get a—
> THE COURT: I tell you what, Mr. Kippers, I'm not going to extend your probation; instead, I'm going to revoke your probation, and I'm going to send you to jail right now, today.
> What's the maximum sentence I can give this gentleman?

The Government informed the district court that the statutory maximum term of imprisonment was four years.

The district court continued,

> You've been given break after break, Mr. Kippers. I should have sent you to jail the first time. You got a break by being allowed to plead to using a phone instead of what you were really guilty of, which was a drug offense. I gave you a big break by giving you a suspended sentence.
> Frankly, I remember you very well. You came in and you were very pitiful looking, and I felt sorry for you, but I don't feel sorry for you any more. Not one bit.

Kippers' counsel reminded the district court that the Guidelines provided for a maximum sentence of nine months of imprisonment. The district court responded that the guidelines range of three to nine months in prison was "advisory" and "not nearly enough time here for the reasons I've said." The district court then revoked Kippers' probation and sentenced him to four years of imprisonment with no term of supervised release. The district court noted that during this period of incarceration, Kippers would have the opportunity to enroll in mental health and anger management programs. The district court ordered Kippers not to have contact with his daughter.

No. 11–30414

Kippers' counsel objected to the district court's "unreasonable sentence" and "unreasonable application of the sentencing guidelines." The district court overruled these objections. Kippers timely appealed.

## II

Kippers presents two issues for our review: (1) whether the review of a sentence imposed on revocation of probation requires closer scrutiny than review of a sentence imposed on revocation of supervised release; and (2) whether the district court's sentence was plainly unreasonable.

Where, as here, no sentencing guideline applies, this court has previously held that it will not uphold a sentence that is plainly unreasonable. *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996) (citing *United States v. Mathena*, 23 F.3d 87, 89 (5th Cir. 1994) (involving revocation of supervised release)). This holding reflects Congress' limitation on appeals expressed in 18 U.S.C. § 3742(a)(4), which allows a defendant to appeal a sentence "imposed for an offense for which there is no sentencing guideline [only when it] is plainly unreasonable." Although *United States v. Booker*, 543 U.S. 220 (2005), called into question § 3742's application, this court confirmed in *United States v. Miller*, 634 F.3d 841, 842–43 (5th Cir.), *cert. denied* 132 S. Ct. 496 (2011), that *Booker* did not abrogate § 3742(a)(4). Thus, under *Miller*, it seems that § 3742(a)(4)'s plainly unreasonable standard continues to govern our review of sentences imposed for which there is no sentencing guideline. And although *Miller* concerned a sentence imposed upon revocation of supervised release, since *Miller*, this court has applied the plainly unreasonable standard in at least one unpublished case reviewing sentences imposed on revocation of probation. *United States v. Thomas*, 427 F. App'x 370, 371 (5th Cir. 2011); *see United States v. Mason*, 440 F. App'x 370, 372 (5th Cir. 2011) (reviewing for plain error because the defendant failed to object that the length of his sentence was unreasonable).

6

No. 11–30414

Nevertheless, Kippers asserts that this court should more closely scrutinize sentences imposed on revocation of probation than other sentences lacking a sentencing guideline—specifically, sentences imposed on revocation of supervised release. In support, he contends that a defendant whose probation has been revoked is especially vulnerable because the statutory maximum penalty for a probation revocation is the same as the statutory maximum for the original offense. *See* 18 U.S.C. § 3565(a)(2) (stating that, where probation is revoked, a defendant may be resentenced "under subchapter A," which includes general provisions that deal with sentencing). In contrast, the statutory maximum penalty for a supervised release revocation is generally lower because 18 U.S.C. § 3583(e)(3) significantly limits the sentences that a district court may impose.[2] Kippers' assertion that this court should more closely scrutinize sentences imposed on revocation of probation lacks support and contradicts this court's holding in *Miller* and earlier case law. Section 3742(a)(4) clearly applies to this case, and under *Miller*, the plainly unreasonable standard, articulated by § 3742(a)(4) and our pre-*Booker* precedents, persists beyond *Booker*. *See* 634 F.3d at 842–43.

To evaluate whether a sentence is plainly unreasonable, this court "must first ensure that the district court committed no significant procedural error," such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). If the district court's sentencing decision

---

[2] Kippers also urges that Congress could not have intended courts to review sentences for probation revocations under the same standard as sentences for supervised release revocations because it enacted 18 U.S.C. § 3565 before the Guidelines' promulgation. Congress, however, amended the language in 18 U.S.C. § 3565(a)(2) relevant to the resentencing of defendants on revocation of probation after the Guidelines began providing that sentences for revocation of probation and supervised release were "functionally equivalent." *See* U.S. SENTENCING GUIDELINES MANUAL ch. 7, pt. B, introductory cmt. (2010).

7

lacks procedural error, this court next considers the substantive reasonableness of the sentence imposed.[3]  *Id.*  On appeal, Kippers (1) asserts that the district court committed procedural error and (2) attacks the sentence imposed on revocation for its substantive reasonableness.

## A

Kippers contends that the district court committed a procedural error because it based his sentence on inadequate and improper reasons and failed to consider his mental illness.  Because Kippers objected only generally to the reasonableness of his sentence, we review Kippers' claimed procedural error for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009) (explaining that plain error review applied on appeal where defendant failed to raise any of the specific claims of procedural error before the district court).

To show plain error, Kippers must show an error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009); *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010) (explaining that in the sentencing context, an error affects substantial rights "where the appellant can show a reasonable probability that, but for the district court's error, the appellant would have received a lower sentence").  This court will only exercise its discretion to correct an error, however, if Kippers also demonstrates that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See Puckett*, 129 S. Ct. at 1429.

Where a defendant violates a condition of probation at any time before his term of probation expires or terminates, the court may, after conducting a hearing and considering § 3553(a)'s factors (to the extent that they apply), either continue the defendant's probation or revoke probation and resentence the defendant.  18 U.S.C. § 3565(a).  Section 3553(a)'s factors include: (1) the nature

---

[3]  Only where we determine that a sentence is substantively unreasonable do we consider whether the error was obvious under existing law.  *Miller*, 634 F.3d at 843.

No. 11–30414

and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence from crime, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;[4] (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established by the Guidelines or the policy statements issued by the Sentencing Commission; (5) any relevant policy statement issued by the Sentencing Commission in effect; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Under plain error review, a district court commits clear and obvious error when it fails to state reasons for a sentence outside the guidelines range. *Whitelaw*, 580 F.3d at 261–62. But, this court has explained, a district court need not engage in "a checklist recitation of the section 3553(a) factors." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (reviewing a sentence imposed upon conviction). Rather, "[i]mplicit consideration of the § 3553 factors is [generally] sufficient." *Teran*, 98 F.3d at 836; *accord United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001). Ultimately, a district court must justify a sentence it imposes upon revocation outside the policy statement's recommended range so as "to allow for meaningful appellate review and to promote the perception of fair sentencing." *See Gall*, 552 U.S. at 50. Specifically, a district

---

[4] For the modification or revocation of a supervised release term, the district court may not rely on § 3553(a)(2)(A), which allows the district court to impose a sentence that reflects the "seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See Miller*, 634 F.3d at 844. However, no such restriction exists on the consideration of the § 3553(a) factors in regard to the revocation of probation.

court must explain why its sentence "is appropriate in a particular case with sufficient justifications" when imposing "an unusually lenient or an unusually harsh sentence." *See id.* at 46.

On appeal, Kippers asserts that the district court committed clear and obvious error because it failed to rely on § 3553(a)'s factors.[5]  Kippers also asserts that the district court failed to adequately justify its leap from an advisory range of three to nine months of imprisonment set forth in the policy statements to the 48-month statutory maximum sentence that it ultimately imposed.  Kippers contends that the district court settled on imposing the statutory maximum before it knew what the statutory maximum was.  Furthermore, emphasizing the district court's statement that it no longer felt sorry for him, Kippers contends that the district court relied on subjective feelings in sentencing him rather than § 3553(a)'s factors. Kippers asserts that the record does not support that the district court implicitly considered § 3553(a)'s factors:  (1) neither party raised the § 3553(a) factors; (2) the district court initially decided not to revoke Kippers' probation after hearing his daughter's testimony; and (3) the district court had a sudden and extreme change of direction following Kippers' comment that his daughter was a liar.

Kippers concedes that leniency at the original sentencing generally may justify a harsher revocation sentence.  But Kippers stresses that the district court was willing to extend his probation before he commented that his daughter was "a liar" and asserts that his comment and attitude at the revocation hearing

---

[5] He further asserts that this affected his substantial rights because the district court likely would have imposed a lesser sentence had it paused to consider § 3553(a)'s factors, particularly had it considered that Kippers is a mentally disturbed defendant.  Kippers also contends that this court should exercise its discretion under plain error review to correct the error because (1) defense counsel failed to object only because Kippers' ill-advised comment and the district court's "unconsidered reaction" caught him unprepared, not because he intended to sandbag the district court, and (2) a "mentally ill 67-year-old man [would] spend four years in prison without adequate justification unless the error is corrected."  Because the district court did not commit a clear and obvious error, we do not reach these arguments.

No. 11–30414

produced his 48-month sentence—not any prior leniency. Kippers relies on his PSR to explain that he had been taking medication associated with thought disorders, and he attributes his ill-advised comment to a manifestation of his mental illness. He contends, moreover, that his mental illness cannot properly justify enhanced punishment and that the district court improperly reacted to his expressed lack of remorse without considering that his behavior at the revocation hearing was actually a manifestation of his mental illness.

The Government responds that the district court implicitly considered § 3553(a)'s factors: it reviewed the probation officer's dispositional report regarding Kippers' probation violation; listened to the parties' requests for leniency and discussion of Kippers' ongoing mental health and anger management treatment; questioned Kippers' daughter about the circumstances of Kippers' assault; opined that the assault was serious and lacked justification; observed that Kippers had received many breaks with respect to his past punishments; and after hearing Kippers' comment that his daughter was "a liar," stated that the policy statement imprisonment range of three to nine months was "not nearly enough time." The Government stresses that the district court considered Kippers' probation violation to be serious and had advised Kippers, before Kippers called his daughter "a liar," that it would have sentenced him to prison but for his daughter's request for leniency.

We agree with the Government. The district court's statements before and after Kippers called his daughter "a liar" reflect consideration of the circumstances and seriousness of Kippers' assault, his history and characteristics, the kinds of sentences available, the advisory sentencing range, and the need to promote respect for the law and provide just punishment for the offense. *See* 18 U.S.C. § 3553(a). Specifically, the record reflects that the district court expressed its concern at the events that led to the revocation hearing, acknowledged Kippers' mental illness, understood the guidelines range and

11

No. 11–30414

statutory maximum, and weighed Kippers' lack of remorse against the egregiousness of his assault.  The district court realized that it had made a mistake in its repeated leniency with Kippers and revoked his probation.  The record shows that the district court considered 3553(a)'s factors at least implicitly, did not select a sentence based on clearly erroneous facts, and did not fail to adequately explain his sentence. *See Gall*, 552 U.S. at 51.  Kippers has shown no clear and obvious procedural error.

## B

Kippers also disputes the substantive reasonableness of his sentence on appeal.  Because Kippers objected to his sentence as unreasonable, we review the substantive reasonableness of his sentence for an abuse of discretion.[6]  *See Miller*, 634 F.3d at 843.

The Supreme Court has explained that when reviewing a sentence for its substantive reasonableness,

> [This] court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.  If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.  But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.

*Gall*, 552 U.S. at 51 (internal citations omitted).  The mere fact that we "might reasonably have concluded that a different sentence was appropriate" is insufficient to justify reversal of the district court's sentence because "'[t]he sentencing judge is in a superior position to find facts and judge their import

---

[6] The Government concedes that Kippers preserved his challenge to the substantive reasonableness of his sentence.

12

No. 11–30414

under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record.'" *Id.* The deference we give to the district court's determination on sentencing, moreover, is further supported by the practical consideration that "'[t]he sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court.'" *See id.* at 51–52 (quoting *Rita v. United States*, 551 U.S. 338, 357–58 (2007)).

Kippers asserts that his sentence is substantively unreasonable on the grounds that he was nearly 67 years old at the time of his revocation hearing, had completed the first two years of his probation with no violations, and had a lengthy history of mental illness which likely triggered his ill-advised comment at the hearing. Reiterating that he had already spent five months in parish jail due to the assault on his daughter, Kippers contends that a shorter revocation sentence would have sufficiently impressed upon him the importance of abiding by the law. Kippers maintains that a 48-month statutory maximum sentence is unnecessary and counterproductive in his circumstances.

We disagree. We acknowledge that the range for Kippers' revocation sentence under the policy statements was three to nine months of imprisonment. The district court, however, expressly advised Kippers that this range was "not nearly enough time" and imposed a sentence that reflected the seriousness of the crime providing the basis for the revocation. Although Kippers' 2008 guilty plea was for use of a communication facility in committing conspiracy to possess with intent to distribute cocaine hydrochloride, a non-violent crime, the district court revoked his probation for a particularly violent offense, the gravity of which was heightened due to the fact that it endangered the lives of his own daughter and three of her minor children. In light of the district court's previous leniency, and the gravity of the crime leading to the district court's decision to revoke Kippers'

13

No. 11–30414

probation, and mindful of the district court's intimacy with this case, *see Gall*, 552 U.S. at 51–52, we cannot say that the district court abused its discretion in sentencing Kippers to 48 months in prison.

### III

Because Kippers has not shown that the district court committed a procedural error or that his sentence was substantively unreasonable, he has not shown that his sentence was plainly unreasonable.  We therefore AFFIRM Kippers' sentence that the district court imposed upon revoking his probation.

# *United States Court of Appeals*
## FIFTH CIRCUIT
## OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

**RECEIVED**

JUN 1 7 2012

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEPUTY CLERK

Corrected Letter:   July 13, 2012

Ms. Loretta Whyte
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

        No. 11-30414,  USA v. Joseph Kippers
             USDC No. 2:07-CR-373-2

Enclosed, for the district court only, is a copy of the judgment
issued as the mandate.

Enclosed, for the district court only, is a copy of the court's
opinion.

The record is to be returned.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By:
                              Shawn D. Henderson, Deputy Clerk
                              504-310-7668

cc: (letter only)
      Honorable Carl J. Barbier
      Mr. Theodore R. Carter III
      Ms. Diane Hollenshead Copes
      Ms. Carol Loupe Michel
      Ms. Robin Elise Schulberg
      Mr. Gary V Schwabe Jr.

P.S. to Judge Barbier:  A copy of the opinion was sent to your
office via email the day it was filed.