UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                     CRIMINAL ACTION

VERSUS                                            NO: 07-373

JOSEPH KIPPERS                                    SECTION: "J" (1)

**ORDER AND REASONS**

Before the Court is Petitioner Joseph Kippers' **Motion to Vacate Sentence under 28 U.S.C. § 2255 (Rec. Doc. 333)** and the Government's response thereto **(Rec. Doc. 337)**. In his motion, Petitioner requests that this Court vacate his four year probation revocation sentence. Petitioner asserts that his sentence should be vacated because (1) he was in physical, mental, and emotional distress at the time of his revocation hearing;(2) his health is currently in serious decline; and (3) his sister is able to assist him with his health issues outside of prison. In general, Petitioner requests that this Court forgive him for statements made at the revocation hearing, which he contends were due to the aforementioned physical and mental illnesses.

1

In its response, the Government argues that Petitioner is precluded from making such a request, because he has already raised these grounds on direct appeal. In particular, the Government notes that in Petitioner's motion, he specifically states that his attorney raised these same grounds on direct appeal. Furthermore, the Government reports that the United States Court of Appeals for the Fifth Circuit, when faced with these arguments, found that Petitioner had failed to establish that his sentence was unreasonable or an abuse of discretion.

The Court finds that the Government's argument has merit. On direct appeal, Petitioner specifically argued that the sentence imposed by this Court was an abuse of discretion because the Court failed to take into account Petitioner's mental illness. Pet.'s Brief on Appeal, Ex. A, Rec. Doc. 333, p. 41 ("2. The district court failed to consider Kippers' mental illness when it reacted to his ill-advised comment."). Likewise, on appeal Petitioner also argued that the sentence was unreasonable because Petitioner was both physically and mentally disabled. Pet.'s Brief on Appeal, Ex. A, Rec. Doc. 333, p. 44. When a petitioner moves to have his sentence vacated under § 2255 "[t]he court need not . . . conduct a hearing and relitigate issues that were raised by the petitioner in his direct appeal." Kastenbaum v.

2

U.S., 588 F.2d 138, 139 (5th Cir. 1979) (citations omitted); see also U.S. v. Greer, 600 F.2d 468, 469 (5th Cir. 1979) (finding that where the arguments made by a habeas petitioner are "further amplification" of the arguments made on appeal the district court does not err in dismissing the petition). Accordingly,

    **IT IS ORDERED** that Petitioner's motion is **DENIED** without a hearing.

    New Orleans, Louisiana this 1st day of February, 2013.

                                          CARL J. BARBIER
                                          UNITED STATES DISTRICT JUDGE